Roscoe V. Elsworth, J.
These are article 78 proceedings which raise issues as to the legality and constitutionality of orders of the Commissioner of Education requiring the expenditure of public funds for the transportation of pupils to parochial schools.
At the annual meeting of the Central District held on May 6, 1958, motions to provide such transportation were defeated. Appeals were taken to the Commissioner and sustained. In the Brophy and Greiner proceeding the Board of Education of the Central District was ordered ‘ ‘ to proceed to provide transportation for the appellants’ children to the school they legally attend, provided such children are attending the nearest available' parochial school of their denomination, and provided further that such school is located more than two and less than eight miles from their residences, and pay the reasonable cost thereof out of any moneys of the district which are available for such purpose.” A similar order was made in the Adack proceeding.
Petitioner herein makes a multi-barrelled attack upon the orders. It contends that so far as it is concerned there is no finality and conclusiveness in the orders of the Commissioner despite the provisions of section 310 of the Education Law. It bases such contention upon the argument that section 310 only binds the person initially seeking relief before the Commissioner. The position of petitioner does violence to the plain meaning of the statute; is not dictated by reason or logic; and *1082 is not sustained by precedent or construction of the statute. (Matter of Board of Eduo. v. Allen, 6 N Y 2d 871.) Finality and conclusiveness, unless purely arbitrary, adhere to orders of the Commissioner of Education under section 310 irrespective of which party initiated the appeal.
Finality and conclusiveness also attach to the determination of the Commissioner that he has statutory power to order the transportation here involved. Petitioner says that the power to order such transportation does not apply to central school districts and to transportation to schools outside of such district. The Commissioner bases his powers upon section 3635 of the Education Law which reads in part ‘ ‘ In providing or granting transportation for children pursuant to the provisions of this chapter, sufficient transportation facilities * * * shall be provided for all the children residing within the school district to and from the school they legally attend, who are in need of such transportation because of the remoteness of the school to the child or for the promotion of .the best interest of such children.” The determination is entirely correct, since section 1807 of the Education Law is not a limitation upon the power to order transportation to schools outside the Central District.
Petitioner’s most serious ground of attack is that the orders violate the State and Federal Constitutions. It is conceded that such question of a constitutional nature is here reviewable, and the Commissioner decided that such question should be left to the courts.
Undue emphasis is placed by petitioner on Judd v. Board of Education (278 N. Y. 200) which held unconstitutional the use of public funds for transportation to nonpublic schools. Subsequent to that decision the 1938 constitutional convention proposed an amendment to what is now section 4 of article XI of the State Constitution to permit the State Legislature to provide for the expenditure of public funds for the transportation of children to and from any school. Such amendment was approved by the voters at the general election of 1938 and became effective January 1, 1939. Therefore, the People of the State of New York have determined that the use of public funds for transportation to nonpublic schools is a constitutional expenditure.
The argument that the orders here in question violate the Federal Constitution also falls. Everson v. Board of Education (330 U. S. 1) determined that a State may provide for the expenditure of public funds for the transportation of pupils to a nonpublic school without violating the First and .Fourteenth-Amendments to the Federal Constitution, Petitioner seeks to *1083 distinguish, the New Jersey statute from the New York statute and also on the facts. The distinctions made are not valid and material and the Everson case is deemed decisive.
Accordingly, the petitions are dismissed, without costs. Submit orders accordingly.